12-4000
Cai v. Holder

BIA
Hom, IJ
A087 767 412

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*
_____

AI LAN CAI,
        *Petitioner,*

        v.                                  12-4000
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONERS:        Lee Ratner, Law Offices of Michael
                        Brown, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant
                        Attorney General; Daniel E. Goldman,
                        Senior Litigation Counsel; Jonathan
                        Robbins, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ai Lan Cai, a native and citizen of China, seeks review of a September 14, 2012, decision of the BIA affirming a May 12, 2011, decision of Immigration Judge ("IJ") Sandy K. Hom, denying Cai's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ai Lan Cai*, No. A087 767 412 (B.I.A. Sept. 14, 2012), *aff'g* No. A087 767 412 (Immig. Ct. N.Y. City May 12, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513-14 (2d Cir. 2009).

For applications like this one, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Cai not credible, the IJ reasonably relied on the inconsistency between her statement during a border interview that she feared religious persecution, and her subsequent claim based on a forced abortion. Contrary to Cai's contention that the interview was unreliable, the record of the interview, which sets forth the questions asked and Cai's responses, shows that she was asked questions designed to elicit the details of an asylum claim and there is no indication that she misunderstood the questions. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir. 2004).

Further, the agency considered Cai's varying explanations for initially claiming that she had been persecuted on account of her religion – that she was embarrassed, had not eaten, was confused, and was nervous –

and reasonably rejected them. *See Yun-Zui Guan*, 432 F.3d at 397 n.6 (2d Cir. 2005) (finding that "an alien's mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent the IJ or BIA from relying on statements in such interviews when making adverse credibility determinations"); *see also Majidi v. Gonzales,* 430 F.3d 77, 80-81 (2d Cir. 2005) (under substantial evidence standard, agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

Although Cai challenges the agency's determination that she provided inconsistent testimony as to whether she was asked for her birth permit before or after she was taken into a van, the record reflects that her testimony differed from her credible fear interview. While this inconsistency is quite minor, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original). This is particularly so given Cai's failure to address the more substantial inconsistencies identified by

the IJ - her statement in the credible fear interview that the abortion occurred in August 2007 when she was nine months pregnant, and not, as she testified at the hearing, in July 2007 when she was five months pregnant.

Cai is correct that the agency did not address the medical evidence supporting her claim. However, we presume that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir. 2006). Here, Cai testified about the medical evidence at the merits hearing, and nothing in the record suggests, much less compels the conclusion, that the agency did not consider it.

Accordingly, under the totality of the circumstances, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Having reasonably found that Cai failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Finally, Cai has waived any challenge to the agency's denial of CAT relief by failing to raise this issue in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005)

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk